```
                                                              E-FILED
                              Wednesday, 02 April, 2014  03:19:50 PM
                                         Clerk, U.S. District Court, ILCD
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **GREGORY A. WHITE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 12-CV-3048 |
| v. | ) |
| | ) |
| **FORREST ASHBY,** Director, | ) |
| **Illinois Department of Human Services** | ) |
| **Treatment and Detention Facility,** | ) |
| | ) |
| Respondent. | ) |

## OPINION

On February 13, 2012, Petitioner, Gregory A. White, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#1),[1] with attached exhibits. Petitioner alleged that his confinement in the custody of the Department of Human Services (DHS) at the Rushville Treatment Facility violates his constitutional rights. Petitioner claimed that the DHS lost jurisdiction to detain him as a sexually violent person (SVP) when it transferred him to the custody of the Illinois Department of Corrections. Petitioner also contended that his commitment violated the double jeopardy and ex post facto clauses of the Constitution and also violated his right to due process. On March 20, 2012, Petitioner's Motion for Leave to Proceed in forma pauperis (#2) was GRANTED, and his Motion for Appointment of Counsel (#3) was DENIED.

---

[1] Petitioner stated that he was also bringing his petition pursuant to 28 U.S.C. § 2241. This court agrees with Respondent, however, that the petition can only be brought under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (Section 2254 provides "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody").

On June 19, 2012, Respondent filed an Answer (#11) and also filed the state court record (#12). Respondent argued that all of Petitioner's claims are time-barred. Respondent also argued, in the alternative, that Petitioner's claims are noncognizable, procedurally defaulted, or meritless. On August 28, 2012, Petitioner filed a Response (#16), with attached exhibits. Petitioner argued that equitable tolling should apply so that his Petition should not be found untimely. Petitioner argued that DHS has no law library and that DHS has hampered and blocked his access to the courts. Petitioner also filed another Motion for Appointment of Counsel (#17). On September 20, 2012, United States District Judge Sue E. Myerscough entered an Opinion (#19) and denied the Motion for Appointment of Counsel. On December 18, 2013, this case was assigned to this court.

## **FACTS**

In 1999, Petitioner entered an *Alford* plea,[2] in the circuit court of Rock Island County to one count of aggravated criminal sexual abuse. The trial court sentenced him to a term of four years of imprisonment. In February 2001, shortly before Petitioner's scheduled release from prison, the Illinois Attorney General petitioned the circuit court of Rock Island County to declare Petitioner an SVP. A jury trial was held in September 2001, and the jury determined that Petitioner was an SVP. On October 12, 2001, the trial court committed Petitioner to the custody of DHS. Petitioner appealed to the Illinois Appellate Court. Petitioner argued that the evidence was insufficient to prove he was an SVP and that the trial

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

court erred by allowing the State's experts to testify to the hearsay statements that were used in forming their opinions. On August 8, 2002, the Illinois Appellate Court, Third District, affirmed. *People v. White*, Case No. 3-01-0854 (2002) (unpublished order). The court found that the trial court correctly admitted the experts' testimony, as it was part of the basis for their opinions. *Id.* at p.5. The court also rejected Petitioner's argument that the evidence was insufficient. The court stated:

> In order for a respondent to be found a sexually violent person, the State must prove, beyond a reasonable doubt, that: (1) the respondent has been convicted of, inter <u>alia</u>, aggravated criminal sexual abuse; (2) the respondent has a mental disorder; and (3) because of that disorder, it is substantially probable that the respondent will engage in acts of sexual violence. 725 ILCS 207/5(e), (f), 35(d)(1) (West 2000); [*People v. Tittlebach*, 754 N.E.2d 484 (Ill. App. Ct. 2001)].
>
> The State presented evidence that the respondent had been convicted of, <u>inter</u> <u>alia</u>, aggravated criminal sexual abuse. The State's experts diagnosed the respondent with paraphilia and antisocial personality disorder with narcissistic tendencies. They also opined that based on these disorders and several predictive tests they had given the respondent, there was a very high likelihood that he would reoffend if released from custody. The respondent's expert disagreed with the diagnosis of paraphilia, but conceded that the respondent had a 30 to 70

> percent chance of reoffending. Based on the evidence, a reasonable jury could have found all the elements of the statute to have been proven beyond a reasonable doubt. Therefore, we find that the respondent was properly proven to be a sexually violent person.

*White*, Case No. 3-01-0854, at p. 5-6. The record shows that Petitioner did not file a petition for leave to appeal (PLA) with the Illinois Supreme Court.

On April 4, 2002, while he was detained at the DHS treatment facility, Petitioner attacked another detainee. Sergeant Gerald Sampson intervened, but Petitioner leapt on Sampson's back and began beating the other detainee. Sampson was injured and later had to be hospitalized. At the time of this incident, Petitioner was on mandatory supervised release (MSR) for his Rock Island County conviction. Petitioner's parole supervisor recommended that his MSR be revoked. On April 4, 2002, Petitioner was transferred to the custody of the Illinois Department of Corrections (IDOC) to serve the remainder of his MSR term in prison.

In September 2002, Petitioner was charged in the circuit court of Will County with the aggravated battery of Sgt. Sampson. Soon thereafter, DHS issued a "hold order" to IDOC, the Will County Sheriff, and the Will County Jail, stating that Petitioner was an SVP who should not, under any circumstances, be released from custody. Petitioner's MSR term for his aggravated criminal sexual abuse conviction ended on September 18, 2002. IDOC transferred Petitioner to the Will County Jail to face charges in the aggravated battery case. Despite the hold order, Petitioner was released after posting 10% of a $5,000 bond. When

the Will County State's Attorney's Office realized the error, it moved to increase Petitioner's bond. The trial court granted the motion, increased the bond to $1,000,000, and issued an arrest warrant. Petitioner surrendered, and he was ultimately convicted of battery and sentenced to 250 days in jail. After serving that sentence, Petitioner was returned to DHS custody.

Petitioner committed another battery against a DHS guard on March 11, 2005, and was charged with aggravated battery in Will County. On April 18, 2005, Petitioner was transferred to the Will County Jail, where he was held pending the disposition of this second aggravated battery case. In May 2006, the state trial court found Petitioner guilty of aggravated battery and sentenced him to two years of imprisonment. Petitioner was returned to DHS custody on May 25, 2006.

In February 2008, Petitioner filed a complaint for habeas corpus relief in the state trial court. Petitioner alleged that DHS relinquished its authority to detain him as an SVP when it transferred him to IDOC and the Will County Jail. The trial court dismissed the complaint with prejudice on October 23, 2009. Petitioner appealed, arguing that: (1) DHS relinquished its authority to detain Petitioner as an SVP when it transferred him to IDOC custody; (2) returning him to DHS custody after the first transfer to IDOC custody violated the double jeopardy clause; and (3) returning Petitioner to DHS custody without holding a hearing to determine whether he was an SVP violated the due process clause.

On October 22, 2010, the appellate court affirmed the dismissal of the habeas corpus complaint. *White v. Phillips*, 937 N.E.2d 786 (Ill. App. Ct. 2010). The appellate court stated

that, if a person is determined to be an SVP at the conclusion of a trial, the trial court "must issue an order committing the person to the custody of the Department of Human Services 'until such time as the person is no longer a sexually violent person.'" *White*, 937 N.E.2d at 788, *citing* 725 ILCS 207/40(a) (West 2008). The court then explained:

> The Act provides only one way for an SVP to be discharged from the custody of the Department of Human Services: by court order. 725 ILCS 207/65 (West 2008). A hearing to request a discharge order can be obtained in two ways. First, the Secretary of the Department of Human Services authorizes a person whom he believes is no longer a sexually violent person to petition the court for discharge. 725 ILCS 207/65(a)(1) (West 2008). Second, a sexually violent person can apply for discharge at the time of periodic reviews conducted by the Department of Human Services. 725 ILCS 207/65(b)(1) (West 2008). Upon a proper petition, a hearing is held to determine whether the person is still sexually violent. A person is entitled to discharge upon a finding that he is not a sexually violent person.
>
> Discharge from the custody of the Department of Human Services can be obtained in no other way. The legislature has created a comprehensive system to protect the public from sexually violent people. That system states that a discharge is obtained when a court or jury finds that an SVP is no longer sexually violent. This reading of the statute is

in keeping with the canon of construction, the expression of one thing is the exclusion of another. *People v. Roberts*, 214 Ill.2d 106, 117, 291 Ill. Dec. 674, 824 N.E.2d 250, 256 (2005). The legislature, by providing a clear method for release from custody, denied all others.

White has not attacked the original order that found him to be a sexually violent person and placed him in the custody of the Department of Human Services. He alleges that his transfer to the Department of Corrections terminated his custody by the Department of Human Services. Only a court order can discharge White from the custody of the Department of Human Services. White has not challenged the original order and the only thing that can authorize his release has not happened; *habeas corpus* relief is not available. Since White has pled no facts upon which he is entitled to relief, we affirm the decision of the circuit court dismissing his application for *habeas corpus*.

From a commonsense standpoint, the theory urged by plaintiff is a dangerous one: to terminate a civil commitment, one need only attack a Department employee or fellow detainee. We are not inclined to declare an open season on employees and detainees of the Department of Human Services. See *People v. Webb*, 393 Ill. App. 3d 478, 332 Ill. Dec. 784, 913 N.E.2d 1074 (2009).

*Id.* at 788. The court stated that it did not need to reach the constitutional issues raised by Petitioner because he had "conceded that his second and third issues could not stand without a finding that his commitment to the Department of Human Services [had] been lawfully terminated." *Id.* at 788. Petitioner filed a PLA with the Illinois Supreme Court which was denied on March 30, 2011.

## **ANALYSIS**

On February 13, 2012, Petitioner filed his Petition under § 2254 (#1) in this court. This court agrees with Respondent that, liberally construed, Petitioner has raised five claims: (1) DHS lost jurisdiction to detain him as an SVP when it transferred him to IDOC custody on two occasions; (2) Petitioner was unlawfully transferred to the Will County Jail to face aggravated-battery charges; (3) DHS had no jurisdiction to place a hold order on Petitioner while he was in IDOC custody; (4) Petitioner's rights under the Double Jeopardy and Ex Post Facto Clauses were violated when the State required him to serve a criminal sentence while he was detained as an SVP; and (5) the State violated Petitioner's due-process rights when it failed to file a new SVP petition after Petitioner's release from IDOC and Will County custody and before his return to DHS custody.

On June 19, 2012, Respondent filed his Answer (#11). Respondent argued that Petitioner's Petition should be denied because: (1) it is untimely as Petitioner is challenging the validity of the judgment declaring him an SVP and committing him to DHS custody, which was final in August 2001, and, alternatively, the Petition was not filed within one year

8

of the April 2005 transfer to the Will County Jail;[3] (2) the first three claims raised are noncognizable on federal habeas review because they are based on errors of state law and were presented to the Illinois courts only as alleged violations of Illinois law; (3) claims four and five are procedurally defaulted, because they were not presented to the state courts; and (4) all of Petitioner's claims are meritless. Respondent argued that the first three claims are meritless because DHS never relinquished its authority to detain Petitioner as an SVP and that claims four and five are meritless because, since he was never discharged from his SVP commitment, there was no violation of double jeopardy, ex post facto or due process.

On August 28, 2012, Petitioner filed a Reply (#16) and argued that equitable tolling should apply to excuse his untimely filing.

This court concludes that all of Respondent's arguments are well taken. This court concludes that all of Petitioner's claims are clearly meritless. Therefore, this court does not need to determine if Petitioner is entitled to equitable tolling of the one-year statute of limitations applicable to his Petition under § 2254, *see* 28 U.S.C. § 2244(d), or whether his claims are noncognizable or procedurally defaulted.

Petitioner is asking this court to reward him for committing criminal offenses while he was in the custody of DHS after being found an SVP. This court agrees with Respondent that there is absolutely no basis to do so. Contrary to Petitioner's assertions, DHS never

---

[3] Respondent has pointed out that Petitioner's state habeas proceedings had no tolling effect because, under either scenario, Petitioner's one year to file his habeas petition under § 2254 expired before his state habeas complaint was filed in February 2008. Respondent also argued that there is no basis for equitable tolling because Petitioner cannot show that he acted with reasonable diligence.

"discharged" him from his SVP commitment. As the state appellate court explained, the SVP statute sets out the ways a person can be discharged from commitment as an SVP, and discharge can be obtained in "no other way." *White*, 937 N.E.2d at 788. It is undisputed that no such order discharging him has been issued. *See White*, 937 N.E.2d at 788. The appellate court's determination that Petitioner's continued commitment to DHS does not violate Illinois law is binding on this court and disposes of Petitioner's first three claims. *See Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (state prisoner may not "use a petition for a writ of habeas corpus to press his preferred interpretation of Illinois law"); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Petitioner's fourth and fifth claims fare no better. Because Petitioner was never discharged from DHS custody, there was no "re-commitment" to DHS custody that, as Petitioner claims, violated either the double jeopardy or ex post facto clauses of the Constitution, or his right to due process. The United States Supreme Court has upheld as constitutional the type of commitment imposed on Petitioner in this case. *See Kansas v. Hendricks*, 521 U.S. 346, 369-71 (1997); *see also In re Det. of Samuelson*, 727 N.E.2d 228, 234-35 (Ill. 2000) (Illinois SVP law constitutional based on *Hendricks)*. Petitioner's argument that his subsequent convictions for committing criminal acts while in DHS custody somehow makes this commitment unconstitutional defies logic and does not require further comment. This court notes that none of the cases cited by Petitioner have any application to this situation. The appellate court was absolutely correct that "the theory urged by

plaintiff is a dangerous one: to terminate a civil commitment, one need only attack a Department employee or fellow detainee." *See White*, 937 N.E.2d at 788. This court also is not inclined to declare an "open season" on employees and detainees of DHS. *See White*, 937 N.E.2d at 788; *see also Webb v. Kibbe*, 2011 WL 10468168, at *4 (Ill. App. Ct. 2011) (no relief can be granted where "an individual commits a new and unrelated offense while detained by DHS"); *People v. Webb*, 913 N.E.2d 1074, 1077 (Ill. App. Ct. 2009) ("[i]t hardly makes sense to allow one to defeat DHS custody by assaulting a DHS employee").

For all of the reasons stated, Petitioner's Petition (#1) is DENIED.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final judgment adverse to a habeas petitioner. A petitioner may appeal a district court's denial of a writ of habeas corpus only when the petitioner has been issued a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1). To obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This court concludes that Petitioner has not made a substantial showing of the denial of any constitutional right. Therefore, this court concludes that a COA is unwarranted.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#1) is DENIED.

(2) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 2nd day of April, 2014


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE